NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: DBSI, INC., <br><br> Debtor, <br> _____ <br><br> JAMES R. ZAZZALI, as Trustee for the DBSI Estate Litigation Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No. 16-35598 <br><br> D.C. No. 1:13-cv-00086-MJP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted May 17, 2017
Seattle, Washington

Before: HAWKINS, GOULD, and PAEZ, Circuit Judges.

This memorandum is concurrently filed with our opinion in Case No. 16-

35597, in which we affirm the district court's judgment that sovereign immunity

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

does not preclude James R. Zazzali ("Zazzali") from bringing an avoidance action against the Internal Revenue Service ("IRS" or "government") under 11 U.S.C. § 544(b)(1) and the derivative state law on which Zazzali relied, Idaho's Uniform Fraudulent Transfer Act ("UFTA"), Idaho Code Ann. §§ 55-901[1] *et seq.* This memorandum addresses Zazzali's cross-appeal from the district court's judgment limiting his recovery.[2]

In his cross-appeal, Zazzali contests the district court's judgment that the IRS is exempt from returning approximately $3.6 million, which it had refunded in tax overpayments to the debtor's shareholders. Whether Zazzali can recover that money from the IRS depends on the proper interpretation of the term "initial transferee" in 11 U.S.C. § 550(a)(1) ("Section 550(a)(1)") of the Bankruptcy Code.

We have jurisdiction pursuant to 28 U.S.C. § 158(d) and review de novo issues of statutory interpretation. *See, e.g., In re Acequia, Inc.*, 34 F.3d 800, 809 (9th Cir. 1994). We reverse and remand for further proceedings.

---

[1] In 2015, Idaho amended and renumbered certain sections of Title 55 of the Idaho Code by adopting the Uniform Voidable Transactions Act. *See* H.R. 92, 63d Leg., 1st Reg. Sess. (Idaho 2015). All references in this disposition to the Idaho Code Annotated are to those statutes in effect during the period in question.

[2] The relevant facts are provided in the concurrently filed opinion so we do not repeat them here.

Section 550(a)(1) allows for the recovery of avoided transfers from the "initial transferee." However, the statute fails to define "initial transferee." *Universal Serv. Admin. Co. v. Post-Confirmation Comm. of Unsecured Creditors of Incomnet Commc'ns Corp. (In re Incomnet, Inc.)*, 463 F.3d 1064, 1069 (9th Cir. 2006). "In the absence of a clear statutory definition, two standards to determine whether a party is an 'initial transferee' have emerged: the 'dominion test' and the 'control test.'" *Id.* We have "explicitly adopted the more restrictive dominion test." *Id.* at 1071 (internal quotation marks and citations omitted).

Here, however, the district court cited to an Eleventh Circuit case, *Menotte v. United States (In re Custom Contractors, LLC)*, 745 F.3d 1342 (11th Cir. 2014), which uses the "control test," to support its determination that the IRS was not an "initial transferee." We employ the "dominion test," which the district court failed to apply.

As the district court erred in failing to apply the correct test, we remand this case to the district court so that it can properly apply the "dominion test" in the first instance.

**REVERSED and REMANDED.**